```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

KETA CARMICKAL,

    Plaintiff,

v.                              Case No. 8:20-cv-2109-T-33JSS

SUN STEAKS LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

## Discussion

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Keta Carmickal originally initiated this slip-and-fall action in state court on February 28, 2020. (Doc. # 1-6). Thereafter, on September 9, 2020, Defendant Sun Steaks

LLC removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damages claim. (Doc. # 1-6 at ¶ 1) ("This is an action for damages that exceeds Thirty Thousand Dollars[.]"). Instead, in its notice of removal, Sun Steaks relied upon Carmickal's response to a request for admission to establish the amount in controversy. (Doc. # 1 at ¶ 9-13). In her response, Carmickal admitted that the she is seeking damages in excess of $75,000 (Id.).

2

Upon review of Sun Steaks's notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Carmickal's damages claim without engaging in heavy speculation." (Doc. # 3). Specifically, the Court concluded that Sun Steaks provided no factual support for damages resulting from the slip and fall, such as medical bills or lost wages. (Id.). The Court then gave Sun Steaks an opportunity to provide additional information to establish the amount in controversy. (Id.).

Sun Steaks has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 6). But Sun Steaks still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, Sun Steaks provides evidence of $19,942.04 in past medical bills. (Id. at 6). Sun Steaks also alleges that Carmickal's physicians have estimated that recommended future conservative care will cost between $2,000 and $4,000 per year (totaling $85,400 based on her life expectancy) and that recommended future surgery is estimated to cost $29,900.000. (Id. at 5-6). Carmickal argues that these costs, along with pain and suffering damages, and Carmickal's responses to the requests for admission,

3

establish by a preponderance of the evidence that the damages sought exceed $75,000. (Id. at 7-9).

However, the only concrete damages here amount to $19,942.04 in past medical expenses, which falls well below the jurisdictional threshold. (Doc. # 7-3 at 3). First, although Sun Steaks attempts to use Carmickal's physician's notes to support her future medical expenses (Doc. # 6 at 4-6), the mere possibility of future surgery or conservative care remains too speculative to support future medical expenses of $115,300. See Favors v. Dolgencorp, LLC, No. 14-cv-60267-KMM, 2014 WL 11775522, at *2 (S.D. Fla. Nov. 3, 2014) ("While Defendant contends that Plaintiff alleges future medical expenses ranging from $114,000 to $154,000, the Court finds these estimates to be too speculative to establish the amount in controversy by a preponderance of the evidence."); Pennington v. Covidien LP, No. 8:19-cv-273-T-33AAS, 2019 WL 479473, at *1-2 (finding the cost of a $110,000 surgery too speculative as it had not yet been scheduled).

Additionally, Sun Steaks does not provide sufficient detail about the pain and suffering Carmickal has experienced. See Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-T-24JSS, 2015 WL 12259228, at *3-4 (M.D. Fla. Aug. 31, 2015) ("[T]he Court will not engage in speculation

4

regarding the value of [the plaintiff's] pain and suffering damages."). Thus, these categories of damages remain too speculative to include in the amount in controversy calculation. See Rodriguez v. Family Dollar, No. 8:17-cv-1340-T-33JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding case where the amount in controversy was based on hypothetical future medical damages).

And, as the Court previously noted, a response to a request for admission that the amount in controversy exceeds $75,000 is not determinative. See Eckert v. Sears, Roebuck & Co., No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *3-4 (M.D. Fla. Oct. 17, 2013) ("[A] plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient[.]"). Indeed, Carmickal's admission is "devoid of the kind of factual information that is necessary to make a jurisdictional finding." (Doc. # 7-2); Avramides v. Genesis Eldercare Rehab. Servs., LLC, No. 8:17-cv-155-T-33JSS, 2017 WL 359884, at *2-3 (M.D. Fla. Jan. 25, 2017) (explaining that a response to a request for admission does not "relieve the removing defendant of the obligation to demonstrate facts supporting the existence of federal subject matter jurisdiction").

5

In short, Carmickal has failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete damages in this case fall below $20,000 and insufficient information has been provided about other categories of damages. Thus, Carmickal has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE